IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAQUEAL E. BOWSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-178-GBW |
| | ) |
| ANTIONNE D. NAZARIO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Shaqueal E. Bowser, Trenton, New Jersey – *Pro Se* Plaintiff

February 27, 2025
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I. INTRODUCTION

On February 9, 2024, Plaintiff Shaqueal E. Bowser filed this civil action *pro se*. (D.I. 2). Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. BACKGROUND

The Complaint raises civil rights claims, pursuant to 42 U.S.C. § 1983, based on alleged violations of the First, Fourth, Fifth, and Fourteenth Amendments. (D.I. 2 at 3.) Plaintiff's claims appear to arise from the separation of Plaintiff from her children, and Plaintiff being wrongly labeled as mentally ill and disabled. (*Id.* at 3-7.) It appears that all named Defendants may have been involved, in some manner, in Plaintiff's children being placed with a legal guardian, or in foster care, in New York in or around July 2021. (*Id.* at 4-6.)

The Complaint also alleges sexual assault by Defendant Antionne D. Nazario (*id.* at 3), witchcraft by Defendant Lashawn B. Willingham in 2016 (*id.* at 6), and "white collar activity" and a "RICO hate crime" by unspecified Defendants (*id.* at 7). The Complaint further alleges that unspecified Defendants have "followed [Plaintiff,] had babies with [her] premediated[, and] tried to hurt, harm, and injure"

1

her. (*Id.*) All events allegedly took place in New York, Pennsylvania, and Delaware, between June 12, 2021, and August 28, 2023. (*Id.* at 4.) It is unclear which events are alleged to have happened in which locations and on what dates.

Additionally, the Complaint mentions possible issues with Plaintiff's unemployment benefits (*id.* at 3) and credit score (*id.* at 7), that Plaintiff is the legal heir to a large UK inheritance (*id.* at 4, 7), that Plaintiff is a whistleblower as a "King Righted Monarch" (*id.* at 3), and that Plaintiff is "protected by the d[i]vine source" (*id.* at 7). Based on the foregoing, Plaintiff seeks $20 million in U.S. Dollars and $20 million in gold bars. (*Id.* at 7.)

## III. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume

3

their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Even employing the less stringent standard afforded to *pro se* litigants, *see Erickson*, 551 U.S. at 94, the Complaint warrants dismissal pursuant to 28 § 1915(e)(2)(B)(i). The Complaint attempts to assert § 1983 claims that are clearly baseless, rely on indisputably meritless legal theories, or arise from fantastical or delusional factual scenarios. Additionally, the claims asserted appear time-barred and at least one Defendant is immune from suit. As such, the Court concludes that this action is frivolous, and amendment is futile.

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint (D.I. 2) pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). An appropriate Order will be entered.